USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPUTERSHARE TRUST COMPANY N.A. SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CFSP 2024-AHP1 MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2024-AHP1 MORTGAGE TRUST, acting by and through its special servicer, Berkeley Point Capital LLC d/b/a Newmark, as Special Servicer under the Pooling and Servicing Agreement dated as of December 30, 2024,<br><br>Plaintiff,<br><br>v.<br><br>907 ASSOCIATES LLC; GJEK GJONLEKAJ; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; A.C.S. OIL SERVICE, INC.; NO BUG PEST CONTROL, INC.; and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100, and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100,<br><br>The names of the "John Doe" Defendants being Fictitious and Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Premises Herein Described.<br><br>Defendants. | Civil Action File No. 1:25-cv-05015-MMG |

## CONSENSUAL FINAL JUDGMENT

**THIS MATTER** is before the Court by virtue of the Stipulation Consenting to Entry of Final Judgment (the "*Stipulation*"), dated September 25, 2025 and executed by and between counsel for Computershare Trust Company N.A. solely in its capacity as Trustee for the benefit of the Certificateholders of CFSP 2024-AHP1 Mortgage Trust, Commercial Mortgage

#527308608_v2 222815.00014

Pass-Through Certificates, Series 2024-AHP1 Mortgage Trust ("*Plaintiff*"), acting by and through its special servicer, Berkeley Point Capital LLC d/b/a Newmark ("*Special Servicer*"), as Special Servicer under the Pooling and Servicing Agreement dated as of December 30, 2024, and defendants 907 Associates LLC ("*Borrower*") and Gjek Gjonlekaj ("*Guarantor*", and, together with Borrower, the "*Borrower Parties*"). Upon review of the Stipulation, the Complaint filed in this Court on June 13, 2025 (the "*Complaint*"), and the Notice of Pendency filed in the Bronx County Clerk's Office on July 7, 2025 (the "*Notice of Pendency*"), for good cause shown, and upon the consent of Plaintiff and Borrower Parties, it is:

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff is hereby granted final judgment as to the First Count, Second Count, and Third Count of the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the amount due to Plaintiff under the loan documents that are the subject of this action (the "*Loan Documents*") is $4,949,248.00, calculated as follows:

| | | |
|---|---|---:|
| Unpaid Principal Balance | $ | 3,666,321.72 |
| Accumulated Interest | $ | 484,594.80 |
| Accumulated Default Interest | $ | 516,543.99 |
| Late Charges | $ | 28,878.60 |
| Property Protection Advances - Legal | $ | 61,857.10 |
| Property Protection Advances - Tax | $ | 157,854.89 |
| Special Servicing & Other Advances | $ | 32,996.90 |
| Servicer Fee | $ | 200.00 |
| **Total Due as of September 30, 2025** | **$** | **4,949,248.00** |

and it is further

**ORDERED, ADJUDGED AND DECREED**, that the certain real property and improvements located at 907 East 221st Street a/k/a 901/907 221st Street a/k/a 3846/3856 Bronxwood Avenue, Bronx, New York 10469, identifiable as Block 4692, Lot 35, and more particularly described in the Complaint, together with the Collateral (as defined in the Complaint)

located thereat (collectively, the "***Property***"), or such part thereof as may be sufficient to discharge: (a) the mortgage debt evidenced by that certain Mortgage, Assignment of Leases and Rents and Security Agreement, dated May 14, 2019 (the "***Mortgage***"), that is exhibited to that certain Consolidation, Extension and Modification Agreement, effective as of May 14, 2019 (the "***CEMA***"); and (b) the expense of the sale and the costs of this action as provided by the New York Real Property Actions and Proceedings Law ("***RPAPL***"), be sold at public auction pursuant to the terms hereof, at the front steps of the Property, by and under the direction of <u>Orazio Crisalli of Syracuse Realty Group, LLC, located at 106 S. Main Street, North Syracuse, New York 13212 (Tel: 315-410-0373), as Referee</u>, to sell the Property at public auction with the assistance of <u>Matthew Mannion, of Mannion Auctions, LLC, as Auctioneer located at</u> 299 Broadway, Suite 1601, New York, New York 10007 <u>(Tel: 212-267-6698), as Auctioneer</u>; and that said Referee shall set the date of the sale and give public notice of the time and place of such sale in accordance with RPAPL § 231, in the *The Wall Street Journal*; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee shall accept at such sale the bid or bids that yield the largest amount of money for the Property and the bidder or bidders, as the case may be, so determined, shall be identified upon the court record, and the Referee shall require that such successful bidder or bidders, as the case may be, immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the Property unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the successful bidder or bidders, as the case may be, fails to immediately pay the ten percent deposit as provided

3

#527308608_v2 222815.00014

herein or fails to execute certain terms for the purchase and sale of the Property (the "***Terms of Sale***") immediately following the bidding upon the Property, the Property shall thereafter immediately, on the same day, be reoffered at auction in the same manner as is set forth above; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that such successful bidder shall fail to close on the date set by the Referee, then the successful bidder shall lose and forfeit its deposit; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in in an account maintained at an FDIC-insured bank of the Referee's choice within the Southern District of New York; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee on receiving the proceeds of such sale shall forthwith pay there from:

> **FIRST:**   The statutory fee of the Referee for conducting the sale pursuant to Section 8003 of Civil Practice Law and Rules ("***CPLR***") not to exceed $750.00.
>
> **SECOND:**   The expenses of the sale, including the Auctioneer fees and costs, the cost of advertising as shown on the bills presented and certified

by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

**THIRD:** Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the Mortgage, which are liens on the Property at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH:** Said Referee shall also pay to Plaintiff or its attorneys the sum of $4,949,248.00, together with interest at the rates set forth in the Loan Documents from September 30, 2025, to the date hereof, and the legal rate of interest thereafter, and with all late charges, fees and other costs, or so much as the proceeds of the sale will pay of the same, and any expenses necessarily paid by Plaintiff to preserve the Property, such as the payment of taxes, etc., not previously included in any computations.

**ORDERED, ADJUDGED AND DECREED**, that in case Plaintiff be the purchaser of the Property at said sale, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff a deed of the Property and a bill of sale for the Collateral located thereat sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "**FIRST**", "**SECOND**" and "**THIRD**" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities

#527308608_v2 222815.00014

showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified in item marked "**FOURTH**". If upon so applying the balance of the amount bid, there shall be a surplus over and above said amounts due to Plaintiff, Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's Deed and Bill of Sale, the amount of such surplus. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354 (4) and the Referee shall immediately give notice of such surplus to the owner of the Property as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee take the receipt of Plaintiff or its attorney for the amounts paid as hereinbefore directed in item marked "**FOURTH**", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Judge of this Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Clerk of this Court, within thirty days upon completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, pursuant

#527308608_v2 222815.00014

to the Stipulation, Plaintiff shall not be entitled to recover from Borrower Parties the deficiency of the Mortgage debt remaining unsatisfied after a sale of the Property, unless Plaintiff and Defendants have agreed to the contrary; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession of the Property on production of the Referee's deed and bill of sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the action is discontinued or the sale of the Property is cancelled, the Referee is entitled to a $250.00 fee; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action and all persons claiming under them, or any or either of them, after Plaintiff's filing of the Notice of Pendency against the Property, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the Property and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the liens of Plaintiff other than the Mortgage that is the subject of this action also be foreclosed herein as though Plaintiff was named as a party defendant, specifically reserving to Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

**ORDERED, ADJUDGED AND DECREED**, that nothing contained herein shall prohibit Plaintiff from seeking payment from any policy of insurance insuring the Property; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that Plaintiff or its successors shall receive proceeds from (a) any insurance policy insuring the Property and/or (b)

7

#527308608_v2 222815.00014

any judgment, now or hereafter obtained, against any party indebted to Borrower, then Plaintiff or its assigns, as the case may be, shall apply such proceeds to the amount due hereunder or to any deficiency judgment against Borrower; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the proceeds described in the foregoing decretal paragraph, when taken together with the proceeds resulting from a foreclosure sale, exceed the amount due hereunder, then Plaintiff, or its assigns, as the case may be, shall deposit the surplus monies, if any, with the Clerk of this Court within thirty days after the same shall be received, to be withdrawn only upon order of this Court, signed by a Judge of this Court; and it is further

**ORDERED ADJUDGED AND DECREED**, that the Property be sold in "as is" condition and sold subject to:

(a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley or highway;

(b) Restrictions, covenants, agreements, reservations, and easements of record, if any, insofar as the same may be in force and effect;

(c) Any state of facts an accurate, currently dated survey might disclose;

(d) Any facts an inspection of the Property would reveal;

(e) Rights of tenants and/or occupants in possession, if any;

(f) The right of redemption of the United States of America, if any;

(g) The rights of any defendants pursuant to CPLR §§ 317 and 2003 and Rule 5015, if any;

(h) Charges for maintenance of street vaults, if any;

(i) Building or tract restrictions or regulations;

8

    (j)  Violations, notices, orders or other requirements issued by any federal, state, city, county, town or village agencies having jurisdiction of record, if any, now or hereafter against the Property;

    (k)  Security agreements, conditional bills of sale and chattel mortgages, if any;

    (l)  The liens of any prior judgments, violations, mortgages or other encumbrances of record;

    (m)  Any unpaid taxes, assessments and water rates with interest and penalties accrued;

    (n)  rights of tenants or persons in possession of the Property; prior mortgage liens of record and any advances and arrears thereunder; and

    (o)  Other conditions as set forth in the terms of sale more particularly to be announced at the sale;

  That a description of the Property hereinbefore mentioned, is annexed hereto as Schedule A - Legal Description, said Property being located at 907 East 221st Street a/k/a 901/907 221st Street a/k/a 3846/3856 Bronxwood Avenue, Bronx, New York 10469, identifiable as Block 4692, Lot 35 on the Tax Map of Bronx County, New York; and it is further

  **ORDERED, ADJUDGED AND DECREED**, that the proceeds of the sale of the Property shall not be used to paid for (i) any title insurance premiums; (ii) the Real Estate Transfer Tax (Article 31 of the New York Tax Law) and any other tax imposed upon or arising from the transfer of title; (iii) all abstract of title creation and/or continuation charges, and (iv) any other charges, occurring as a result of the transfer, including, but not limited to, the recording fees, and that the purchaser or purchasers at such sale shall bear the aforementioned costs, charges fees at their own expense; and it is further

9

**ORDERED, ADJUDGED AND DECREED**, that, if necessary, Plaintiff is hereby permitted to and shall conduct a foreclosure sale of the Property beyond the ninety (90) day mandate prescribed by RPAPL § 1351(1); and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff shall serve a copy of this Judgment upon the owner of equity of redemption, any person having an interest in the Property, and any other party entitled to notice.

Dated: Lower Gwynedd, Pennsylvania
September __, 2025

**PLAINTIFF**

Computershare Trust Company N.A. solely in its capacity as Trustee for the benefit of the Certificateholders of CFSP 2024-AHP1 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2024-AHP1 Mortgage Trust

By: Berkeley Point Capital LLC d/b/a Newmark, in its capacity as special servicer

By: _/s/ Ed Barrett_
Name: Ed Barrett
Title: Director

Dated: Yonkers, New York
September __, 2025

**BORROWER**

907 Associates LLC,
a New York limited liability company

By: _____
Name: _____
Title: _____

Dated: Yonkers, New York
September __, 2025

**GUARANTOR**

By: _____
Name: Gjek Gjonlekaj

**SO ORDERED** this _____ day of _____, 2025.

Honorable Margaret M. Garnett, U.S.D.J.

Property, and any other party entitled to notice.

| | |
|---|---|
| Dated: Lower Gwynedd, Pennsylvania<br>September __, 2025 | Dated: Yonkers, New York<br>September __, 2025 |
| **PLAINTIFF** | **BORROWER** |

Computershare Trust Company N.A, solely in its capacity as Trustee for the benefit of the Certificateholders of CFSP 2024-AIIP1 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2024-AIIP1 Mortgage Trust

By: Berkeley Point Capital LLC d/b/a Newmark, in its capacity as special servicer

By: _____
Name: Ed Barrett
Title: Director

907 Associates LLC,
a New York limited liability company

By: _[signature]_
Name: Gjek Gjonlekaj
Title: Member of LLC

Dated: Yonkers, New York
September __, 2025

**GUARANTOR**

By: _[signature]_
Name: Gjek Gjonlekaj

SO ORDERED this __2__ day of __October__, 2025.

_____
Honorable Margaret M. Garnett, U.S.D.J.

10

#527308608 v2 222815.00014

## Schedule A
### (Property Description)

All that certain plot, piece, or parcel of land with the buildings and improvements thereon erected, situate, lying, and being in the Borough and County of Bronx, City and State of New York, said plot of land being more particularly bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of East 221st Street and the easterly side of Bronxwood Avenue;

RUNNING THENCE northerly along the easterly side of Bronxwood Avenue, 99.51 feet to the center line of the block between East 221st Street and East 222nd Street;

THENCE easterly along the center line of the block, 89.25 feet;

THENCE southerly and parallel with Bronxwood Avenue, 99.51 feet to the northerly side of East 221st Street;

THENCE westerly 89.25 feet to the corner of Bronxwood Avenue and East 221st Street to the point or place of BEGINNING.

TOGETHER with all right, title and interest of, in and to any streets and roads abutting the above described premises.

SAID PREMISES being known as and by the street number 907 East 221st Street, a/k/a 901/907 221st Street a/k/a 3846/3856 Bronxwood Avenue, Bronx, New York 10469.

2

**<u>EXHIBIT B</u>**
**(Plaintiff's Release of Claims)**

**<u>EXHIBIT B</u>**
**(Plaintiff's Release of Claims)**

## RELEASE OF CLAIMS

Computershare Trust Company N.A. solely in its capacity as Trustee for the benefit of the Certificateholders of CFSP 2024-AHP1 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2024-AHP1 Mortgage Trust ("Noteholder") executes this release (the "Release") based on the following:

Noteholder, acting by and through its special servicer, Berkeley Point Capital LLC d/b/a Newmark, has entered into a certain Stipulation Consenting to Entry of Final Judgment dated as of September 25, 2025 (the "Agreement") with 907 Associates LLC ("Borrower") as well as Gjek Gjonlekaj ("Guarantor", and together with Borrower, the "Released Parties"). Borrower executed that certain Amended and Restated Mortgage Note, dated May 14, 2019, in the original principal amount of $4,000,000.00 (the "Note"), together with, inter alia, that certain that certain Mortgage, Assignment of Leases and Rents and Security Agreement, dated May 14, 2019 (the "Mortgage"), that is exhibited to that certain Consolidation, Extension and Modification Agreement, effective as of May 14, 2019 (the "CEMA"). Released Parties guaranteed the payment and performance of the Guaranteed Obligations of Borrower on the Loan as set forth and defined in that certain Guaranty of Recourse Obligations, dated May 14, 2019 (the "Guaranty"). Noteholder represents and warrants that it owns the Note, the Mortgage, the Guaranty and all related Loan Documents (defined below) and is authorized to enter into this Release. Under the terms of the Agreement, Borrower and Released Party have consented and agreed to, inter alia, the issuance of a final judgment in favor of Plaintiff and the sale of the Property (as defined in the Agreement) by the court-appointed referee at public auction. The Note and Mortgage, together with all other documents guaranteeing, securing, governing or related to the Note and/or Mortgage are collectively referred to herein as the "Loan Documents".

For good and valuable consideration, the receipt and the sufficiency of which are hereby acknowledged, and pursuant to the Agreement, Noteholder hereby agrees as follows:

1. Except as otherwise set forth in Section 3 hereof, Noteholder, and its heirs respective members, partners, predecessors, successors, officers, directors, employees, attorneys, assigns, agents, beneficiaries, affiliates, subrogees, insurers and any others claiming by or through it or them (together, "Releasor"), hereby fully and finally acquits, quitclaims, releases and discharges the Released Parties of and from any and all liability for the obligations, claims, liabilities, damages, demands, debts, liens, deficiencies or cause or causes of action to, or for the benefit (whether directly or indirectly) of Releasor, at law or in equity, known or unknown, contingent or otherwise, whether asserted or un-asserted, whether now known or hereafter discovered, whether statutory, in contract or in tort, as well as any other kind or character of action now held, owned or possessed (whether directly or indirectly) by Releasor, arising out of, related to or concerning, whether directly or indirectly, proximately or remotely:

    (i)    the Loan (as defined in the Agreement);

    (ii)    the Note or any of the other Loan Documents (including, without limitation, the Guaranty (as defined in the Agreement));

    (iii)    the Property (as defined in the Agreement); and

    (iv)  the transactions relating to the foregoing

(collectively, the "Claims").

  2.  Noteholder acknowledges that there is a risk that subsequent to the execution of this Release, Noteholder may discover, incur, or suffer from Claims which were unknown or unanticipated at the time this Release is executed, including, without limitation, unknown or unanticipated Claims which, if known by Noteholder on the date this Release is being executed, may have materially affected Noteholder's decision to execute this Release. Noteholder acknowledges that Noteholder is assuming the risk of such unknown and unanticipated Claims and agrees that this Release applies thereto, except as set forth in Section 3 below.

  3.  Nothing herein shall be deemed to relieve Released Parties of any liability to Releasor to the extent of any loss, damage, cost, expense, liability, claim or other obligation incurred by Releasor (including attorneys' fees and costs reasonably incurred) arising out of or in connection with breach of Released Parties' representations, warranties and/or obligations under those provisions of the Loan Documents that expressly survive satisfaction or discharge of the Loan, release of the lien of or foreclosure of the Mortgage, or transfer of title to the Property or termination of the Loan Documents.

  4.  It is expressly understood and agreed that this is only a release by Releasor (with the exceptions stated herein) of Releasor's claims for personal recourse against the Released Parties in connection with the Loan Documents and nothing contained herein shall be deemed to be a release of Releasor's rights in and to the collateral described in the Loan Documents (except to the extent, if any, expressly set forth in the Agreement).

  5.  This Release is intended to evidence settlement discussions between Noteholder and Released Parties, and, until executed and delivered to the Released Parties, shall not be admissible in any lawsuit or other legal proceeding, and is without prejudice to the rights of any party.

  6.  It is understood and agreed that this Release shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns, and any subsequent owners, except as stated herein.

  7.  If any term, covenant, or condition of this Release is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision hereof, and this Release shall be construed as if such invalid or unenforceable provision had never been contained herein.

  8.  Should any provision of this Release require interpretation in any judicial, administrative or other proceeding or circumstance, it is agreed that the court, administrative body or other entity interpreting or construing the same shall not apply a presumption that the terms hereof shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed more strictly against the party who prepared the same, it being agreed that the parties hereto have fully participated in the preparation of this Release.

9. It is understood and agreed that photostatic or facsimile signatures of the original signature of this Release, and photostatic or facsimile copies of this Release fully executed, shall be deemed an original for all purposes, and the parties hereto waive the "best evidence" rule or any similar law or rule in any proceeding in which this Release shall be presented as evidence.

10. Any notice pursuant to this Release shall be given in writing by: (a) personal delivery; or (b) expedited delivery service with proof of delivery, sent to the intended addressee at the address set forth below, or to such other address or to the attention of such other person as the addressee shall have designated by written notice sent in accordance herewith, and shall be deemed to have been given either at the time of personal delivery, or, in the case of expedited delivery service or mail, as of the date of first attempted delivery at the address and in the manner provided herein. Unless changed in accordance with the preceding sentence, the addresses for notices given pursuant to this Release shall be as follows:

If to Noteholder:

Computershare Trust Company N.A. solely in its capacity as Trustee for the benefit of the Certificateholders of CFSP 2024-AHP1 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2024-AHP1 Mortgage Trust
c/o Berkeley Point Capital LLC d/b/a Newmark
8 Springhouse Innovation Park, Suite 200
Lower Gwynedd, Pennsylvania 19002
Attention: Ed Barrett

With a Copy to Noteholder's attorney:
Holland & Knight LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
Attention: David V. Mignardi, Esq.

If to Released Parties:
907 Associates LLC
419 Palmer Road
Yonkers, New York 10701
Attn: Gjek Gjonlekaj

Gjek Gjonlekaj
419 Palmer Road
Yonkers, New York 10701

With a Copy to Released Parties' attorneys:

3

<div style="margin-left: 2em;">
Clair Gjertsen & Weathers PLLC<br>
4 New King Street, Suite 140<br>
White Plains, New York 10604<br>
Attention: Erin K. Flynn, Esq.
</div>

11. This Release is executed and delivered in connection with the Agreement and the other documents, releases and agreements entered into in connection therewith.

12. This Release shall be governed by construed and enforced in accordance with and subject to the laws of the State of New York.

Executed as of September __, 2025.

<div style="margin-left: 4em;">
NOTEHOLDER:

COMPUTERSHARE TRUST COMPANY N.A. SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF CFSP 2024-AHP1 MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2024-AHP1 MORTGAGE TRUST

By: Berkeley Point Capital LLC d/b/a Newmark, in its capacity as special servicer

By: _____<br>
Name: Ed Barrett<br>
Title: Director
</div>

| STATE OF PENNSYLVANIA | ) |
|---|---|
| | ss.: |
| COUNTY OF MONTGOMERY | ) |

On the ___ day of September, in the year 2025, before me, the undersigned personally appeared Ed Barrett, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____<br>
Notary Public